Matter of McKenna (2024 NY Slip Op 01514)

Matter of McKenna

2024 NY Slip Op 01514

Decided on March 19, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Jeffrey K. Oing
Justice Presiding
Lizbeth González Manuel Mendez John R. Higgitt LlinÉt M. Rosado Justices.

Motion No. 2023-05409 Case No. 2023-06260 

[*1]In the Matter of Bryan A. McKenna, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Bryan A. McKenna (Admitted as Bryan Aaron McKenna) (OCA Atty. Reg. No. 2590974), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Bryan A. McKenna, was admitted, as Bryan Aaron McKenna, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 23, 1994.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Kevin P. Culley, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Bryan A. McKenna was admitted to the practice of law in the State of New York by the Second Judicial Department on March 23, 1994, under the name Bryan Aaron McKenna. At all relevant times, respondent maintained a registered business address in the First Judicial Department.
By December 6, 2023 notice of motion, respondent seeks an order in accordance with the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. The Attorney Grievance Committee (AGC) does not oppose the motion.
In his affidavit of resignation, sworn to November 20, 2023, respondent attests that he is currently the subject of an AGC investigation involving allegations of professional misconduct, and acknowledges that the allegations of misconduct state that he converted and misappropriated $184,600 in client funds held in his IOLA Attorney Trust Account in connection with a real estate matter on behalf of a client. Respondent attests that he cannot successfully defend against the allegations based upon the facts and circumstances of his professional conduct as described by the AGC in accordance with its investigation.
Respondent avers that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Respondent consents to entry of an order under Judiciary Law § 90(6-a) directing that he makes monetary restitution to the client in the sum of $184,600 for converted and misappropriated funds, and $3,500 in legal fees received from his client in the representation, for a total of $188,100. Further, respondent's resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order under Judiciary Law § 90(6-a) directing that he makes restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
By December 12, 2023 affirmation, the AGC states that it has reviewed respondent's papers and has found that they complied with all the requirements under 22 NYCRR 1240.10 and Appendix A of 22 NYCRR [*2]1240, and therefore does not oppose acceptance of respondent's resignation (see e.g. Matter of Sokol, 222 AD3d 22 [1st Dept 2023] [resignation accepted and the respondent directed to make restitution in accordance with Judiciary Law § 90(6-a)]; Matter of Kazlow, 217 AD3d 72 [1st Dept 2023] [same]). Moreover, and as noted by the AGC, this Court has previously accepted resignations in similar cases where attorneys have submitted an affidavit that fully conforms with 22 NYCRR 1240.10, and where they acknowledge willful misappropriation of escrow or client funds and still owe restitution to those clients (see Matter of Palladino, 206 AD3d 54 [1st Dept 2022]; Matter of Roesser, 186 AD3d 6 [1st Dept 2020]).
Accordingly, respondent's motion should be granted, his resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 20, 2023, the date of respondent's affidavit. In addition, in accordance with Judiciary Law § 90(6-a), respondent is directed to make restitution in the amount of $188,100 ($184,600 in converted or misappropriated funds plus $3,500 in legal fees received) to the client.
All concur.
It is Ordered that the application of respondent, Bryan A. McKenna, admitted as Bryan Aaron McKenna, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 20, 2023, and
It is further Ordered that in accordance with Judiciary Law § 90(6-a), respondent Bryan A. McKenna, admitted as Bryan Aaron McKenna, is directed to make restitution in the amount of $188,100 ($184,600 in converted or misappropriated funds plus $3,500 in legal fees received) to the client, and
It is further Ordered that pursuant to Judiciary Law § 90, effective immediately,
respondent Bryan A. McKenna, admitted as Bryan Aaron McKenna, is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Bryan A. McKenna, admitted as Bryan Aaron McKenna, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Bryan A. McKenna, admitted as Bryan Aaron McKenna, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: March 19, 2024